*KM*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeronimo Miguel Hernandez,<br>Petitioner,<br>v.<br>JT Shartle, et al.,<br>Respondents. | No. CV 17-00599-TUC-JGZ (DTF)<br><br>**ORDER** |

Petitioner Jeronimo Miguel Hernandez, who is confined in the United States Penitentiary-Tucson (USP-Tucson), filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). In a January 2, 2018 Order, the Court directed Petitioner to pay the filing fee or file an Application to Proceed In Forma Pauperis. On January 25, 2018, Petitioner filed a "Notice" (Doc. 5), in which he states that he requested payment of the $5.00 filing fee from his inmate trust account and requests that the Court inform him that everything is in order. On April 10, 2018, Petitioner paid the filing fee. The Court will dismiss this case for lack of jurisdiction.

**I.     Petition**

In his Petition, Petitioner names USP-Tucson Warden JT Shartle as Respondent. Petitioner raises one ground for relief in which he claims that he was wrongfully sentenced with a criminal history category V, which "added 3 or 4 points more." Petitioner claims he was sentenced to a sentence that is six months longer than it would have been if the correct criminal category was used.

In *United States v. Hernandez*, CR 14-00156-PHX-SPL, Petitioner was convicted of Transportation of Illegal Aliens after pleading guilty to the Information. On June 30, 2014, Petitioner was sentenced to 30 months' imprisonment followed by three years on supervised release. Petitioner was released on April 8, 2016.

On September 2, 2016, the probation officer filed a Petition to Revoke Supervised Release (Doc. 36 in CR 14-00156). On January 9, 2017, the Court issued an Order Revoking Supervised Release (Doc. 55 in CR 14-00156) and committed Petitioner to the custody of Bureau of Prisons for four months, followed by 28 months on supervised release. Petitioner was released on January 12, 2017.

On January 30, 2017, the probation officer filed a second Petition to Revoke Supervised Release (Doc. 56 in CR 14-00156). On June 22, 2017, Petitioner was arrested. Petitioner admitted that he violated the terms and conditions of his supervised release. On October 26, 2017, the Court issued an Order Revoking Supervised Release (Doc. 81 in CR 14-00156) and committed Petitioner to the custody of the Bureau of Prisons for 12 months, with no term of supervised release.

Petitioner has not filed a § 2255 motion challenging either his original conviction or sentence or his sentence on the supervised release revocations.

**II. Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to

the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet this burden because he has not demonstrated that he has not had an unobstructed procedural shot at presenting his sentencing claim. Accordingly, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

. . . .

. . . .

**IT IS ORDERED:**

(1) Petitioner's "Notice" (Doc. 5) is **denied as moot**.

(2) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(3) The Clerk of Court must **enter judgment accordingly and close this case**.

(4) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 20th day of April, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge